CARTER GREENWOOD

*v.*

MARGARETTE JENKLE.

1. MARRIED WOMEN—*separate property of.* Where a married woman with money given her by her mother, and earned before her marriage, which was in 1863, paid for a filly which her husband had bought but was unable to pay for, and it was delivered to her in good faith as her property, and the husband, as her agent and by her consent, traded the filly for a horse, it was *held*, that the horse was the separate property of the wife, and that the husband could not mortgage or sell the same without her assent.

2. SAME—*husband may act as his wife's agent.* An instruction in a suit between a married woman and a third party, in respect to her separate property, which is liable to a construction that she could not trade the same through her husband, as her agent, is objectionable, and may be properly refused.

3. INSTRUCTION—*should be based upon the evidence.* Where there is no evidence upon which to base an instruction, there is no error in refusing to give it.

APPEAL from the Circuit Court of Franklin county; the Hon. ANDREW D. DUFF, Judge, presiding.

Messrs. T. T. & D. W. FOUNTAIN, for the appellant.

Messrs. YOUNGBLOOD & BARR, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of replevin, commenced by Margarette Jenkle against Carter Greenwood, to recover a horse which the plaintiff, who was a married woman, claimed as her own separate property.

The suit was commenced before a justice of the peace, where the plaintiff recovered. Defendant appealed to the circuit court, where the cause was tried before a jury, with a like result. Defendant brings the case to this court by appeal.

The main question in this case is, was the horse replevied the separate property of the plaintiff, obtained in good faith?

The evidence shows, that when the plaintiff left Germany her mother gave her Prussian money, amounting to $20. She afterwards earned, in New York, about $140, making in all $160, which she had in 1863, when she married William Jenkle. After the marriage she kept this money herself.

William Jenkle, her husband, bought a filly at public sale, on twelve months' credit, for $42, and gave his note. When the note became due, he could not pay it. The plaintiff, of her $160, gave her husband the money to pay off the note, and he delivered her the filly as her own property for the money furnished. This filly her husband, by her authority, traded for the horse in question.

In the month of March, 1872, the husband of plaintiff bought of defendant corn, to the amount of $25, and without her knowledge pledged the horse for the payment of the

money on the first of June. He was to have the possession and use of the horse during the season. In October, the money not having been paid, the defendant gave Jenkle another month to raise the money, and if he failed then the horse was to belong to defendant, absolutely. In December Jenkle tendered the defendant $30, in payment of the $25 and interest, which he refused to accept.

The jury on the trial of this case in the circuit court, found that the plaintiff was the owner of the horse in question, and we think the evidence sufficient to sustain the verdict.

The plaintiff, with money obtained from her mother and earned before marriage, paid for the filly, which was delivered to her as her own property. She then authorized her husband to trade this filly for the horse in controversy. It is true, the filly was bought, in the first instance, by the husband ; but he not being able to pay, plaintiff came forward with her own money, and paid for the property. At the time of this purchase and trade, the evidence does not show that the husband of the plaintiff was involved, or any reason why he should attempt to cover up his property in the name of his wife. No fraud or bad faith has been shown in this transaction on the part of plaintiff or her husband. Under these circumstances we can see no principles of law or justice that would deprive the plaintiff of the ownership of this property.

The case of *Dyer* v. *Keefer*, 51 Ill. 525, is decisive of this case. In that case the wife gave her husband $150 to deposit in bank, for her. He used the money, but turned her over a horse to replace it. This horse she directed him to trade for another. The horse obtained in the trade was levied on by an execution against the husband. In that case the court held the property belonged to the wife.

It is insisted by the defendant that the sixth and seventh instructions, which the circuit court refused, should have been given. We think the court properly refused these instructions. The sixth instruction was liable to the construction that a married woman could not trade through her

21—68TH ILL.

husband as her agent, and for that reason was objectionable. The seventh instruction was liable to mislead the jury. There was no evidence to base ·it upon, and for that reason it was properly refused.

· The law in this case was properly given to .the jury. The evidence admitted was also proper. The jury determined that plaintiff was the owner of the property, and we see no reason for disturbing the decision in the circuit court.

The judgment of circuit court will be affirmed.

*Judgment affirmed.*